**COHEN IP LAW GROUP, P.C.**
Michael N. Cohen – (Cal. State Bar #225348)
Christopher C. Barsness – (Cal. State Bar #222861)
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Telephone: 310-288-4500
Facsimile: 310-246-9980
michael@patentlawip.com

Attorneys for Defendants
JOSEPH IORIO AND
DEFENDANTS WORLDWIDE FASHION HOLDING, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN AGADONI<br><br>        Plaintiff,<br><br>    vs.<br><br>WORLDWIDE FASHION HOLDING, LLC, a New York limited liability company; URBAN OUTFITTERS, INC, a Pennsylvania corporation; AMAZON.COM INTERNATIONAL INC,a Delaware corporation; JOSEPH IORIO, an individual, ROBERTO ROSARIO, an individual, and DOES 1through 10, inclusive.<br><br>        Defendants | Case No.: CV09-2951 RGK (JCx)<br><br>**DEFENDANTS WORLDWIDE FASHION HOLDING, LLC AND JOSEPH IORIO'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>The Hon. R. Gary Klausner<br><br>Date: April 19, 2010<br>Time: 9:00 a.m.<br>Location: Courtroom 850 |

## NOTICE OF MOTION AND MOTION TO DISMISS

## TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 19, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable R. Gary Klausner, located at 255 East Temple Street, Courtroom 850, Los Angeles, California, defendants Worldwide Fashion Holdings, LLC and Joseph Iorio ("Defendants") will and hereby do move to dismiss plaintiff Ryan Agadoni's ("Agadoni" or "Plaintiff") claims against Defendants.

This motion is made on the grounds that (1) Plaintiff failed to file a proof of service; (2) Plaintiff failed to properly serve Defendants, in a manner legally sufficient to constitute notice of this proceeding and (3) this Court lacks personal jurisdiction over either Defendants as neither has sufficient contacts with California to support personal jurisdiction.

This motion will be based on the Notice of Motion and Motion, the Memorandum of Point and Authorities set forth below, the accompanying Declaration of Joseph Iorio and Michael N. Cohen, and upon such further evidence and argument as may be presented at the hearing on this motion.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>
## <u>BACKGROUND</u>

Plaintiff initially commenced this action herein on April 28, 2009, originally naming only Defendants Worldwide Fashion Holding, LLC and Urban Outfitters, Inc.  Subsequently, on January 14, 2010 Plaintiff filed a First Amended Complaint adding among other Defendants, Joseph Iorio.

Plaintiff sent by certified mail, a copy of the Complaint to Joseph Iorio's home address.  Plaintiff failed to personally serve either Worldwide Fashion

Holding, LLC or Joseph Iorio in any other manner.  See Declaration Joseph Iorio ("Iorio Dec.").  Further, based on a conversation with Plaintiff's counsel, Kevin Welch ("Welch"), he acknowledged that no service of process was retained or used to attempt service on the Defendants Iorio or Worldwide Fashion.  See ¶2 Declaration Michael N. Cohen ("Cohen Dec.").   Welch acknowledges that only a certified letter of the Complaint was sent to Defendants home address.  Cohen Dec ¶3. Additionally, Plaintiff's counsel mistakenly believes that such service is proper and no other action needs to be taken to correct the improper service. *Id*.

Lastly, Plaintiff's have failed to file any proof of service in regards to the First Amended Complaint to Defendants Worldwide Fashion Holding, LLC or Joseph Iorio.  Nor was any attempt made to serve the agent of service of process of Worldwide Fashion Holding, LLC at its address listed with the New York Secretary of State.  See ¶ Iorio Dec.

For these reasons, pursuant to Federal Rule of Civil Procedure 12(b)(1)(4) and (5), Defendants Worldwide Fashion Holdings, LLC and Joseph Iorio respectfully request that the court dismiss all claims against them in this proceeding.

## **ARGUMENT**

## **I.     PLAINTIFF FAILED TO PROPERLY SERVE DEFENDANTS PURSUANT F.R.C.P 4(e) AND (h)**

There is no doubt that Plaintiff failed to properly serve process on Defendants Worldwide Fashion Holding, LLC or Joseph Iorio.  F.R.C.P 4(e) states as follows:

**(e) Serving an Individual Within a Judicial District of the United States.**

Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual *personally*; [Emphasis added]

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Additionally, F.R.C.P. 4(h) states the following:

**(h) Serving a Corporation, Partnership, or Association.**

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Plaintiff at no time attempted any serve on the Defendants' other than enclosing a copy of the Complaint in a certified envelope.  Additionally, there is no factual dispute regarding this point as Plaintiff's counsel acknowledges this was the Plaintiff's only attempt of service.  Furthermore, Defendants never consented, or waived service of process.  Nor has Plaintiff ever requested Defendants to consent or waive service of process.

Accordingly, Plaintiff failed to follow the F.R.C.P., and its purported service on Defendants was insufficient as a matter of law.  Plaintiff's claim against Defendants should therefore be dismissed.  *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997)(affirming dismissal based on, inter alia, insufficient service of process).

///

## II.   DEFENDANT WORLDWIDE FASHION HOLDING, LLC, AND JOSEPH IORIO ARE NTO SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT

### A.   Absent Legally Sufficient Service of Process, Defendants are Not Subject to the Jurisdiction of this Court

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff*, 484 U.S 97, 104 (1987); see also *Ziegler Bolt & Parts Co.*, 111 F.3d at 880 (affirming dismissal for lack of personal jurisdiction where service of process is insufficient).  As discussed above, Plaintiff's attempted service on the Defendants was insufficient because it did not comply the F.R.C.P.  Accordingly, this Court lacks personal jurisdiction over Defendants Worldwide Fashion Holding, LLC and Joseph Iorio, further reinforcing that Plaintiff's claims against Defendants should be dismissed.

## III.   CONCLUSION

For the reasons stated above, Defendants Worldwide Fashion Holding, LLC and Joseph Iorio respectfully request that the Court grant this motion and dismiss all claims asserted against them in this action.

///

///

MOTION TO DISMISS                                                    - 6 -

COHEN IP LAW GROUP, P.C.

Dated:  March 22, 2010        By:  _____/s/_____
                                        Michael N. Cohen, Esq.
                                        9025 Wilshire Blvd., Suite 301
                                        Beverly Hills, California 90211
                                        michael@patentlawip.com

                                        Attorney for Defendants Worldwide Fashion
                                        Holdings, LLC; and JOSEPH IORIO

**PROOF OF SERVICE**

I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above entitled action.  My business address is 9025 Wilshire Blvd., Suite 301, Beverly Hills, California 90211.

On March 22, 2010, I served:

**DEFENDANTS WORLDWIDE FASHION HOLDING, LLC AND JOSEPH IORIO'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS AND [PROPOSED] ORDER**

by transmitting to:

KEVIN M. WELCH
THE LAW OFFICE OF KEVIN M. WELCH
P.O. BOX 494
HERMOSA BEACH, CA 90254

[X] BY MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Beverly Hills, California, in the ordinary course of business.   I am aware that on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown on this proof of service.

[ ] BY FACSIMILE: I caused a copy of such document to be sent via facsimile machine to the office of the addressee(s) at the phone number shown above.

[X] FEDERAL: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2010 at Beverly Hills, California.

_____/S/_____

Soseh Moghoyan

MOTION TO DISMISS                                    - 8 -