Kevin M. Welch (SBN: 254565)
Kevin@kmwlawoffice.com
The Law Office of Kevin M. Welch
P.O. Box 494
Hermosa Beach, California 90254
Telephone: (310) 929-0553
Facsimile: (310) 698-1626

Attorney for Plaintiff
RYAN AGADONI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

RYAN AGADONI, an individual,

Plaintiff,

vs.

WORLDWIDE FASHION HOLDING, LLC, a New York limited liability company; URBAN OUTFITTERS, INC.; a Pennsylvania corporation; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; JOSEPH IORIO, an individual, ROBERTO ROSARIO, an individual, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. CV09-2951 RGK (JCx)

**PLAINTIFF RYAN AGADONI'S OPPOSITION TO DEFENDANT WORLDWIDE FASHION HOLDING, LLC AND JOSEPH IORIO'S NOTICE OF MOTION AND MOTION TO DISMISS**

Hon. R. Gary Klausner

Date: April 26, 2010
Time: 9:00 a.m.
Location: Courtroom 850

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENTS

Defendants Worldwide Fashion Holding, LLC and Joseph Iorio ("Defendants") have engaged in pattern of obfuscation and delay in an attempt to avoid the jurisdiction of this Court. Defendant's Motion to Dismiss is so lacking

support of the law or fact that Plaintiff's counsel found it appropriate to informally point out the error of Defendant's logic and request that Defendant withdraw the Motion. Defendants chose to decline the request and so the Motion is now before the Court.

## I. STATEMENT OF FACTS

Plaintiff brought the present lawsuit after finding t-shirts for sale in the Urban Outfitter, Inc. retail location on 4th Street in Santa Monica displaying his original work of art. (See First Amended Compliant "FAC"). The tags in the t-shirts displayed a trademark that was applied for by a WORLDWIDE FASHION HOLDING, LLC ("WORLDWIDE"). (See FAC). The sole owner of WORLDWIDE is JOSPEH IORIO. Plaintiff Ryan Agadoni ("RYAN") originally named Defendant WORLDWIDE and attempted service via a process server at two different business addresses. Individuals at each address denied any knowledge of the company WORLDWIDE. RYAN then served WORLDWIDE at the residence of JOSEPH IORIO which is also the address listed as the service of process address for WORLDWIDE. When WORLDWIDE did not respond RYAN filed a Request for Entry of Default supported by the Declaration of Kevin M. Welch. The Court clerk entered the Default. (See Request to Enter Default and Declaration of Kevin M. Welch in Support of Request to Enter Default).

Subsequently RYAN discovered infringing WORLDWIDE product being sold on Amazon.com so RYAN filed a First Amended Complaint adding additional parties including JOSEPH IORIO. RYAN served JOSEPH IORIO and WORLDWIDE (even though WORLDWIDE was in default) pursuant to California Code of Civil Procedure §415.40. (See Declaration of Kevin M. Welch in Support of Ryan Agadoni's Opposition to Defendant Worldwide Fashion Holding, LLC and Joseph Iorio's Motion to Dismiss). At which point Defendant JOSEPH IORIO contacted RYAN's counsel directly and asked for an electronic

copy removing any doubt that JOSEPH IORIO had notice of this lawsuit. RYAN counsel's sent and electronic copy along with a letter confirming JOSEPH IORIO had not hired counsel.

Later, JOSEPH IORIO hired attorney Kenneth Apple to represent him and negotiate a settlement. Kenneth Apple was replaced by a second attorney, Adam Siegler, who continued to attempt to reach a settlement. And finally Adam Siegler was replaced with attorney Michael Cohen who currently represents Defendants.

## II. LEGAL ARGUMENT

### a. Plaintiff Did Serve Defendants In A Legally Sufficient Manner

Federal Rule of Civil Procedure 4(e)(1) states that "…an individual…may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…."

As this action is being brought in United States District Court for the Central District of California, Western Division, an individual in this action may be served by following California state law for service of process. California Code of Civil Procedure §415.40 states:

> "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

In the present action Plaintiff's mailed a copy of the Summon, First Amended Complaint, Civil Coversheet, Certificate of Notice of Interested Parties, Report of the Filing or Determination of an Action or Appeal Regarding a Copyright and the Order for a Jury Trial issued December 14, 2009 to the Defendant JOSEPH IORIO's residence at 15 Knolls Lane, Manhasset, New York 11030 as evidenced by the proof service Plaintiff filed with the Court on March 23,

2010.

Defendant WORDLWIDE was served similarly as indicated by the Proof of Service filed with the Court on March 23, 2010 as well. This manner service is sufficient because Federal Rule of Civil Procedure 4(h)(1)(A) authorizes service for a Corporation, Association, or Association "in the manner described by Rule 4(e)(1) for serving an individual…." JOSEPH IORIO's residence is an appropriate address to served WORLDWIDE Fbecause JOSEPH IORIO is the sole member of the limited liability company and JOSEPH IORIO's residence is listed as the address for service of process with the New York State Secretary of State.

Incidentally, Defendant WOLRDWIDE is currently in default for failure to answer Plaintiff's original Complaint. (Exhibit) The details of Plaintiff's efforts to serve Defendant WORLDWIDE are set forth Plaintiff's Motion for Entry of Default and Supporting Declaration.

Plaintiff has served Defendants in a legally sufficient manner and therefore Defendant Motion to Dismiss should be denied.

**b. <u>This Court Has Personal Jurisdiction over Defendants</u>**

Defendants argue that this Court lacks person jurisdiction because the procedural requirements of service of summons was not met. This argument is identical or at least logically dependant on the first. As explained above, Plaintiffs have served Defendants in a manner authorized by California states law and therefore this Motion to Dismiss should be denied.

Although not argued in Defendants Motion, Defendant's Notice of Motion mentions that Defendants do have sufficient contacts with California to support personal jurisdiction. This statement is unsupportable as well. Products bearing the trademark of Defendant WORLWIDE trademark were found for sales in Santa Monica at an Urban Outfitters, Inc. retail store and on Amazon.com Further, a California Court may exercise jurisdiction where a Defendant knew that an

infringing publication would infringe a copyright held by a California resident. *Brayton Purcell*, 361 F.Supp 1140-1141. Here, infringing goods were offered on Amazon.com long after this action was commenced.

## III. Conclusion

For the forgoing reasons, this Court should find Defendants have been sufficiently served and that personal jurisdiction does exist and therefore deny Defendant's Motion to Dismiss.

Dated: April 5, 2010

The Law Office of Kevin M. Welch

By: ____________________

Kevin M. Welch
Attorneys for Plaintiff
RYAN AGADONI